**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENSYLVANIA**

| | |
|---|---|
| IN RE: | : BR NO. 20-10248 |
| BRAHIMA FOFANA | : |
|     Debtor. | : Chapter 13 |

**EXPEDITED MOTION FOR LEAVE TO FILE CHAPTER 13**
**<u>BANKRUPTCY PETITION</u>**

Debtor, by his attorney, Timothy Zearfoss, Esquire hereby files this expedited motion for permission from this Honorable Court to file a voluntary petition under Chapter 13 of the Bankruptcy Code, and in support thereof represents:

1. Debtor and movant herein filed the above-captioned Chapter 13 bankruptcy petition on January 4, 2020.

2. Debtor had previously filed 3 Chapter 13 petitions: 14-15737, 16-12653, and 19-11559. At the 341 meeting held March 11, 2021 in the above-captioned case the trustee required debtor to enter into a consent order which provided that in the event the case was dismissed, debtor would be prohibited from filing a new bankruptcy case within 24 months without further leave of court.

3. Debtor's case was dismissed upon the trustee's motion alleging failure to continue plan payments on October 22, 2020. The court's dismissal order incorporated the terms of the consent order.

4. Debtor's residential real estate located at 7401 Rodgers Avenue, Unit A, Upper Darby PA is scheduled to be sold at Sheriff's sale on February 18, 2022 by the first

mortgagee, Wells Fargo Bank c/o SLS ("the lender").

    5. Debtor is requesting permission from this Court to permit the filing of a new Chapter 13 bankruptcy petition. In his plan he will propose to apply for a loan modification and also to provide for the appropriate treatment of his other debts. In the event the loan modification application is not approved in a reasonable time frame the plan will provide for the curing of the mortgage arrears. The current Chapter 13 plan form in this district now provides for a reasonable period of time following the case filing for a debtor to apply for and obtain a mortgage loan modification while receiving the protection of the automatic stay. This supports debtor's request to file a new bankruptcy petition.

    6. Debtor has had a change in circumstances since the pendency of his last case in that his income has increased and become more stable. Debtor's employment during the last case was significantly disrupted due to COVID closures. A copy of his recent paystub for his primary job at CHC Solutions Inc is attached hereto as Exhibit "A". Debtor also has a second job with Western Union Condominiums. Additionally, debtor's adult daughter is now living at the residence and is employed and will be contributing to the payment of household expenses. Debtor believes he is now capable of obtaining a confirmed plan and completing

payments pursuant to the plan.

7. The above-referenced consent order was entered into almost two years ago (1 year and 11 months) and the case dismissal occurred approximately 16 months ago. It is submitted that the trustee could have required a more reasonable filing prohibition time period of 12 months which is frequently the time period requested. A 24 month bar is punitive where as here there is no evidence of fraud or bad faith on the debtor's part in his previous filings. Indeed, the court never made any evidentiary ruling in the previous case as to whether the debtor should be prohibited from filing a subsequent case. The debtor is therefore requesting that the court in using its equitable powers to consider these factors in deciding whether to allow the debtor to file a new case.

WHEREFORE, debtor requests that the Court schedule an expedited hearing in this matter and then issue an Order permitting him to file a Chapter 13 bankruptcy petition immediately.

/s/Tim Zearfoss_____
Tim Zearfoss, Esquire